JUDGE BULLITT
delivered the opinion op the court:
The only question that we need to decide is, whether or not a decree for the sale of land, held in trust for the separate use of a married woman, is rendered void by a failure to have a report of commissioners stating the value of her estale, the annual profits thereof, and that her interest requires the sale to be made.
In chap. 86, art. 5, of the Revised Statutes, several regulations concerning the sale of lands and slaves of married women are followed by this provision:
“The proceedings under this article shall, in other respects, be the same as are required to procure the sale of infants’ lands.”
One of the provisions thus adopted and applied to proceedings for the sale of the lands of married women is in these words:
“§ 2. Before a court shall have jurisdiction to decree a sale of infants’ lands — l, three commissioners must be appointed to report, and must report under oath to the court, the net value of the infants’ real and personal estate, and the anuual profits thereof, and whether the interest of the infant or idiot requires the sale to be made.”
It has been repeatedly decided that, under this provision, the failure to have such a report as the statute requires renders void a decree for the sale of an infants’ lands and all proceedings under it. (18 B. Mon., 782; 2 Met., 515; 3 Id., 524.) It necessarily follows that the decree and the proceedings under it, in this case, are void.
The fact that the statute, (art. 5, sec. 1. sub. sec. 7,) expressly declares that a failure to give the covenant required for the benefit of the married woman shall render the decree void, whilst it does not expressly declare that a failure to have a.report of commisioners, concerning the value of her estate, &c., *239 shall render the decree void, is not sufficient to prove that the framers of the statute intended that the failure to have such a report should render the decree erroneous merely and not void, since the provisions concerning the sale of infants’ lands are marked by the same-peculiarity.
In our opinion the context of the statute and the apparent object of its framers prove, that, in declaring that “the proceedings under this article shall, in other respects, be the same as are required to procure the sale of infants lands,” they did not intend merely to direct that a report of commissioners should be made concerning her estate, but that they intended that the same provisions should .apply to both classes of cases, and that the same consequences should result irom a failure to conform thereto.
The judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.